IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CLYDE A. SEVERSON; SUSAN C. SEVERSON; and SUSAN CAROL SEVERSON, TRUSTEE, AND CLYDE ALVIN SEVERSON, TRUSTEE, OF THE SUSAN CAROL SEVERSON TRUST,<br><br>        Plaintiffs,<br>v.<br><br>CHASE MANHATTAN MORTGAGE COMPANY; CHASE HOME FINANCE, LLC; J P MORGAN CHASE AND COMPANY,<br><br>        Defendants. | Civil No. 10-3123-CL<br><br>REPORT AND RECOMMENDATION |

CLARKE, Magistrate Judge:

Plaintiffs bring this action alleging claims arising out of the ownership of two properties allegedly financed by defendants. Plaintiffs seek special damages, statutory damages, and punitive damages. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Defendants have filed a motion to dismiss and strike plaintiffs' complaint (#16) pursuant to

Report and Recommendation - Page 1

Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the reasons explained below, defendants' motion to dismiss should be granted in part and denied in part and the motion to strike should be granted.

## LEGAL STANDARDS

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N. County Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 2095 (2010).

The court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Report and Recommendation - Page 2

## DISCUSSION

### Motions to Strike

The court grants the following motions to strike for the reasons stated by defendants:

1. Allegation at paragraph 6, page 6, of plaintiffs' complaint: "Almost all of the calls over the last 22 months have originated in Pakistan, India or the Philippines, as well as other foreign countries, and it is very difficult to communicate with the callers because of language problems."

2. Allegations at paragraph 6, page 6, of plaintiffs' complaint:

Defendant J P Morgan Chase and Company was the recipient of 25 billion dollars in TARP funds from the United States federal government in 2009. The reason that Defendant has utilized call centers for their collection business in foreign countries is to save the bank expense. Last quarter, Defendant J P Morgan Chase and Company had a dollars. Almost none of the collection calls to Plaintiffs have been from United States citizens.

3. Allegations at paragraph 6, page 6, of plaintiff's complaint:

Plaintiff Susan Carol Severson contracted cancer of the breast in 2008. During the period of time that these harassing calls were made to their home from early morning until late at night, Plaintiff Susan Carol Severson was going through extensive cancer treatment, including surgery, chemotherapy and radiation. The collection calls of Def caused Plaintiff Susan Carol Severson great worry and mental and emotional distress, which has
either caused or aggravated her breast cancer.

Plaintiffs should be given leave to replead facts that, because plaintiff Susan Carol Severson had certain health problems, she was more susceptible to emotional distress from telephone calls from defendants which sometimes numbered more than five per day.

//

## Motions to Dismiss

### First Claim - Fair Debt Collection Practices Act (FDCPA)

Plaintiffs bring a claim under the FDCPA, alleging that defendants are a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

The FDCPA defines "debt collector" in pertinent part as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act therefore is not limited in application to collection agencies, but rather "regulates the conduct of 'any person' in 'any business' whose (1) principal purpose is debt collection, or (2) who regularly collects or attempts to collect debts, indirectly or directly." Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142, 1146 (9th Cir. 1998) (citing 15 U.S.C. § 1692a(6)). Possession of the debt or personal financial benefit from the satisfaction of the debt is not necessary for liability as a "debt collector" to attach under the FDCPA. Id.

A person collecting or attempting to collect any debt originated by such person is exempted from the term "debt collector." 15 U.S.C. § 1692a(6)(F)(ii). Further, "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (cited for this proposition by Stewart v. Mortg. Elec. Registration Sys., Inc., No. CV-09-688-PK, 2010 WL 1054384, at *9 (D. Or. Feb. 18, 2010), adopted by order, 2010 1054697 (D. Or. Mar. 19, 2010); Kellers v. Ocwen Loan Servicing, LLC, Civil No. 09-6076-TC,

Report and Recommendation - Page 4

2009 WL 2899813, at *2 (D. Or. Sept. 9, 2009); Caligiuri v. Columbia River Bank Mortg. Group, Civ. No. 07-3003-PA, 2007 WL 1560623, at *6 (D. Or. May 22, 2007), aff'd, 329 F.App'x 93 (9th Cir. 2009)), modified on other grounds, 761 F.2d 237 (5th Cir. 1985).

Plaintiffs allege that the properties at issue are financed with defendants and that defendants acquired the trust deeds by assignment from previous lenders of plaintiffs. Plaintiffs do not allege that the debt was in default at the time of assignment, nor do they contend that in their opposition to defendants' motion. A review of the complaint allegations indicate that default was declared sometime after defendants allegedly improperly overdrew plaintiffs' accounts and failed to correct the payment records. Plaintiffs do not allege any facts which show that defendants are debt collectors within the meaning of the FDCPA, nor do they offer any facts in their opposition to show that defendants are debt collectors. Accordingly, defendants' motion to dismiss plaintiffs' claim under the FDCPA should be granted.

### Second Claim - Fair Credit Reporting Act (FCRA)

Plaintiffs concede in their opposition that their claim grounded in 15 U.S.C. § 1681s-2(a) is deficient. They contend, however, that they also cite section 1681s-2(b) in their complaint.

Although a private right of action is provided for violation of section 1681s-2(b),[1] the reasonable investigation provision, the duties imposed on a furnisher of credit information by this subsection are triggered only upon notice of dispute to the furnisher by a credit reporting agency, and not by notice of dispute from the consumer. 15 U.S.C. §§ 1681s-2(c), 1681i(a)(2); Bank One, N.A. v. Colley, 294 F. Supp.2d 864, 870 (M.D. La. 2003); Sweitzer v. Am. Express

---

[1] The court can find no reference to section 1681s-2(b) in plaintiffs' complaint.

Centurion Bank, 554 F. Supp.2d 788, 795 (S.D. Ohio 2008) (and authorities cited); Rollins v. Peoples Gas Light & Coke Co., 379 F. Supp.2d 964, 967 (N.D. Ill. 2005); see Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1060 (9th Cir. 2002). Here, plaintiffs do not allege that they caused any notice from any credit reporting agency to be sent to defendants, they do not allege that defendants failed to properly investigate any such notice, and plaintiffs do not offer any such facts in their opposition which implicate subsection (b).

Defendants' motion to dismiss plaintiffs' claim under the FCRA should be granted.

### Third Claim - Breach of Contract

In their claim for breach of contract, plaintiffs seek recovery of additional interest charges plus penalties and late charges; $1,000 pursuant to FDCPA, section 1692k(a)(2)(A); punitive damages in the sum of $5 million; and attorneys fees. Defendants contend that, with the exception of the interest, penalties, and late charges, the other damages sought by plaintiffs are not recoverable on a contract claim. Plaintiffs contend that they allege viable FDCPA and FCRA claims so that attorney fees may be awarded. They concede that, "if there was only a breach of contract claim then punitive damages would not be available" (Pls. Opp'n at 3), but assert that punitive damages are allowed when there are claims based on tort, as here.

The court has found that plaintiffs fail to state claims under the FDCPA and the FCRA. Plaintiffs assert no other basis for recovery of attorneys fees. Therefore, the statutory damages sought under the FDCPA in the contract claim and the attorneys fees plaintiffs seek in their contract claim should be dismissed. Plaintiffs seek punitive damages in the tort claims alleged in

the complaint and, therefore, the punitive damages sought in their contract claim should be dismissed. Defendants' motion on this ground should be granted.

### Fourth and Fifth Claims - Outrageous Conduct and Intentional Infliction of Emotional Distress

In their fourth claim, plaintiffs allege that they have complied with all terms and conditions of the trust deed and defendants have displayed outrageous conduct by making improper payments out of the impound account and by declaring the trust deeds in default and commencing foreclosure proceedings. In their fifth claim, plaintiffs allege that, "As a result of Defendants' actions, Plaintiff Susan C. Severson has been caused great emotional and mental distress. This emotional distress has substantially affected her physical health, in either causing or aggravating a cancerous condition in her body." (Compl. at 11 ¶ 36.)

The court agrees with defendants that plaintiffs' fourth claim entitled "Outrageous Conduct" is a claim for intentional infliction of emotional distress. See Dauven v. U.S. Bank Nat'l Ass'n, No. CV 09-1471-PK, 2010 WL 5141275, at *11 (D. Or. Nov. 8, 2010) ("When a plaintiff labels a claim as 'outrageous conduct,' the court may construe it as a claim for intentional infliction of emotional distress." (citing Otterness v. City of Waldport, 130 Or. App. 550, 556 (1994), adopted by order, 2010 WL 5128256 (D. Or. Dec. 9, 2010)).

To state a claim for intentional infliction of emotional distress, plaintiff must plead facts to show that: (1) defendant intended to inflict severe emotional distress on plaintiff, or knew that such distress was certain, or substantially certain, to result from the conduct; (2) defendant's acts were the cause of plaintiff's severe emotional distress; and (3) defendant's acts constituted an

Report and Recommendation - Page 7

extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or. 532, 543, 544-51 (1995).

In each of plaintiffs' claims, they allege no facts that defendants' conduct was intended or was substantially certain to result in severe emotional distress, or that plaintiff Clyde Severson suffered such distress from defendants' conduct.[2]

Whether the alleged conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law for the court. Harris v. Pameco Corp., 170 Or. App. 164, 171 (2000). That inquiry is "a fact-specific inquiry, to be considered on a case-by-case basis, considering the totality of the circumstances." Rosenthal v. Erven, 172 Or. App. 20, 23 (2001). "In considering whether the defendant's acts were an 'extraordinary transgression,' the court will examine the purpose of the conduct and the means used to achieve the result. Not only must the conduct be deliberate, the means of inflicting the harm must be extraordinary." Shay v. Paulson, 131 Or. App. 270, 273 (1994) (citation omitted). "The conduct must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Montgomery v. J. R. Simplot Co., 916 F. Supp. 1033, 1041 (D. Or. 1994), aff'd, 76 F.3d 387 (9th Cir. 1996) (quoting Christofferson v. Church of Scientology of Portland, 57 Or. App. 203, 211 (1982)). Further, the Oregon courts have found that the relationship between the parties has a particular bearing on whether conduct may be characterized as extreme or outrageous. Delaney v. Clifton, 180 Or. App. 119, 130 (2002).

---

[2] In their Reply, defendants state that they do not dispute that plaintiffs have alleged the element that plaintiff Susan C. Severson suffered the requisite mental or emotional distress. (Defs. Reply at 4 & n.2.)

Report and Recommendation - Page 8

Plaintiffs allege no special relationship between them and defendants other than the arms-length relationship of a bank and customer such that defendants would be held to a higher standard. The court finds that the conduct of defendants alleged in the fourth claim of improper payments from plaintiffs' impound account and declaring them to be in default does not arise to the level of extreme or outrageous conduct which is not tolerated in a civilized society. Plaintiffs fourth claim fails to state a claim for relief nor can they state a claim based upon the facts alleged. This claim should be dismissed.

In the fifth claim, plaintiffs refer to "Defendants' actions" causing plaintiff Susan C. Severson great emotional mental distress, which "has substantially affected her physical health, either in causing or aggravating a cancerous condition in her body." (Compl. at 11 ¶ 36.) The court has recommended striking plaintiffs' allegations at Paragraph 6 that defendants' conduct in causing "harassing" "collection calls" causing plaintiff Susan C. Severson great emotional distress which has caused or aggravated her cancer. In their opposition, plaintiffs refer to relentless phone harassment by defendant of five or more calls a day from 7:00 a.m. to 9:00 p.m. in support of their claim. However, as presently pleaded, plaintiffs fail to allege the element that defendants' conduct was intended or was substantially certain to result in severe emotional distress, supra, and they fail to allege the facts of outrageous conduct supporting a claim for intentional infliction of emotional distress. Defendants' motion to dismiss this claim should be granted, and plaintiffs should be given leave to replead.

//

Report and Recommendation - Page 9

**Sixth Claim - Negligent Injury to Reputation**

Plaintiffs allege in their sixth claim that defendants negligently failed to correct their records, reported negative credit information to credit reporting agencies, and foreclosure proceedings on their properties negatively impacted their business reputation. Plaintiffs allege these actions or conduct of defendants was "intentional." (Compl. ¶¶ 41, 43.) Plaintiffs allege that defendants' conduct intentionally or with gross negligence interfered with prospective business relationships because they will not be able to qualify for loans due to inaccurate credit reporting by defendants to credit reporting agencies.

Defendants contend that plaintiffs' claim is expressly preempted by FCRA and plaintiffs do not allege the exception that defendants acted with malice or willful intent to injure when they reported credit information. Plaintiffs contend that their allegation of defendants' "intentional conduct" is synonymous with "willful intent" to state a viable claim.

15 U.S.C. § 1681h(e) limits liability for common law tort claims including an action or proceeding "in the nature of defamation" to furnishers of certain types of information to a consumer reporting agency . Plaintiffs do not dispute that their claim is in the nature of defamation. See Wallulis v. Dymowski, 323 Or. 337, 345-47 (1996). To come within the exception to the limited liability provided for such a claim, a plaintiff must allege and prove that false information was furnished "with malice or willful intent to injure" the consumer. 15 U.S.C. § 1681h(e); Weseman v. Wells Fargo Home Mortg., Inc., No. CV 06-1338-ST, 2008 WL 542961, at *2 (D. Or. Feb. 22, 2008); Domingo v. Equifax Credit Info. Servs., Civ. No. 94-52-FR, 1994 WL 5129035, at *2 (D. Or. Sept. 13, 1994); Cisneros v. Trans Union, LLC, 293 F. Supp.2d 1167, 1175-77 (D. Haw. 2003).

Oregon district courts have applied a "less stringent" definition of "willful" in the FCRA context. A willful act under FCRA is an act "done knowingly or intentionally, or is recklessly committed with a conscious disregard for the rights of others." Harris v. Equifax Credit Info. Serv., No. Civ. 01-1728-JE, 2003 WL 23962280, at *2-*3 (D. Or. 2003); Weseman, 2008 WL 542961, at *5).

Under this definition of "willful," plaintiffs' allegations of "intentional" conduct by defendants is adequate at the pleading stage to come within the exception to preemption provided by section 1681h(e). Defendants' motion to dismiss on this ground should be denied.

**Conclusion**

Plaintiffs' claims for breach of contract and negligent injury to reputation remain and plaintiffs should be given leave to replead their claim for intentional infliction of emotional distress by plaintiff Susan C. Severson.

### RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#16) be granted in part and denied in part as stated, that their motion to strike be granted and, if allowed by the Order, that plaintiffs be given twenty (20) days from the date of this court's Order to amend their claims for intentional infliction of emotional distress by plaintiff Susan C. Severson,

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by September 13, 2011. If objections are filed, any response to the objections are due by September 30, 2011,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of August, 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 12